OPINION
Plaintiff-appellant, Melvin Ott, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion to modify spousal support. We reverse the decision of the trial court.
In 1995, appellant and defendant-appellee, Carolyn Ott, divorced after thirty-four years of marriage. At that time, appellant was fifty-five years old and had a yearly income of $35,800. Appellee was fifty-two years old and earned $11,000 yearly. The trial court ordered that appellant pay spousal support in the amount of $200 per week. A year later, upon appellant's motion, the spousal support order was reduced to $175 per week. The modification was premised on an increase in appellee's income and a decrease in appellant's income, which were $14,976 and $32,500 respectively.
Appellant retired in February 2001, and again moved the trial court to modify his spousal support obligation. As a result of his retirement, appellant's yearly income was reduced to $21,588, while appellee's yearly income had since risen to $18,265. The motion was denied by the trial court, which found that to decrease the spousal support order would be inappropriate based on the incomes and needs of the parties. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN AFFIRMING THE MAGISTRATE'S DECISION DENYING APPELLANT'S MOTION TO MODIFY THE SPOUSAL SUPPORT ORDER.
The trial court has broad discretion in modifying a spousal support award. Wiggins v. Wiggins (Sept. 27, 1993), Warren App. No. CA92-12-110, unreported, at 5. Absent a finding that the trial court abused its discretion, its ruling will not be disturbed on appeal. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant contends that the trial court erred by refusing to modify his spousal support obligation. Appellant's main contention is that the trial court erred in its calculation of the parties' incomes after the exchange of spousal support under the current support order. Appellee concedes that the trial court's findings are erroneous, but nevertheless contends that the spousal support award remains equitable.
The trial court recognized that a substantial change of circumstances had occurred, as appellant had retired and his income was greatly reduced as a result. See Robinson v. Robinson (Apr. 4, 1994), Brown App. Nos. CA93-02-027, CA93-03-047, unreported. However, concluding that "there is insufficient income to meet all the needs of both parties," the trial court found that "[t]o decrease the spousal support order would be inappropriate based on the incomes and needs of the parties." This finding was premised on a review of the parties' respective monthly expenses and incomes, after the exchange of spousal support:
 Defendant has a need for $3,463 per month. Her after tax income including the $175 per month current spousal support payment is $1,358. This is $1,105 per month less than her need. Plaintiff has after tax income of $1,593 after payment of $175 per month spousal support. * * * [H]is expenses are $1,724 per month. Plaintiff's needs exceed his income by $131 per month.
(Emphasis sic.)
The trial court's determination of the parties' incomes is in error. Appellant is in fact paying spousal support in the amount of $175 per week, not $175 per month, as stated by the trial court. Likewise, appellee receives spousal support of $175 per week, not $175 per month, as stated by the trial court. Accordingly, appellant has a net income of $1,068 per month after payment of spousal support, while appellee has a monthly income of $1,883 after the receipt of spousal support. Using the corrected amounts, appellant has a monthly shortfall of $656, not $100 as stated by the trial court, and appellee's monthly expenses exceed her income by $580, not $1,100 as stated by the trial court.
Reliance on inaccurate information in making a spousal support award will not always constitute an abuse of discretion. See Ehni v. Ehni
(Apr. 25, 1995), Franklin App. No. 94APF10-1530, unreported; Lancione v.Lancione (Sept. 20, 1994), Franklin App. No. 94APF03-308, unreported. Nonetheless, an abuse of discretion may be shown where a substantial error occurs due to the mathematical miscalculation. See Gockstetter v.Gockstetter (June 23, 2000), Erie App. No. E-98-078, unreported.
The effect of the error in the present case resulted in an erroneous analysis, which reflects substantially more income available to appellant and substantially less income available to appellee than is actually reflected by the record. Upon consideration of the relevant portions of the record, and our finding above as to the trial court's determination of the parties' incomes, we find that the trial court abused its discretion by determining the amount of spousal support based on an erroneous calculation of the parties' incomes. The assignment of error is sustained.
The decision of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion and law.
POWELL and VALEN, JJ., concur.